IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMUEL LEWIS THOMAS                                                              PLAINTIFF

           v.                          Civil No.  13-5246

DEPUTY WILKINS; DEPUTY
LARA; DEPUTY RILEY;
BENTON COUNTY JAIL; and
DEPUTY BOWMEN                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The

Plaintiff proceeds *in forma pauperis* and *pro se.*

Currently pending before the Court for issuance of this report and recommendation is

a motion for temporary restraining order or a preliminary injunction (Doc. 54) filed by the

Plaintiff.

### Background

Plaintiff maintains his constitutional rights have been, and are being, violated while he

is incarcerated at the Benton County Detention Center (BCDC).   Specifically, he alleges his

rights are being  violated in the following ways: (1) he is being discriminated against; (2) he was

transported illegally back to the BCDC; (3) excessive force has been used against him on more

than one occasion by detention center personnel; (4) he has been denied adequate medical care;

(5) he was only being held on an eight hour detoxification but was not released after the eight

hours expired; (6) detention center personnel have failed to protect him from attack by fellow

-1-

inmates; (7) there have been periods of time when he was unable to submit grievances through the kiosk system; (8) his right to privacy with respect to his medical/psychological conditions has been violated; (9) he is not provided with an adequate diet; (10) on more than one occasion he has been denied recreation; and (11) he was placed in segregated housing due to his race and/or in retaliation for complaining about his conditions of confinement.

In the motion for a preliminary injunction (Doc. 54), Plaintiff asks the Court to enjoin the Defendants and all persons acting in concert with them from doing the following: restraining, transporting, or handling, food, incoming or outgoing mail, medication, or being alone or out of camera view with him.  Plaintiff supports his motion with the following: a number of incident reports; his inmate medical records; and an inmate charge out record.

**<u>Discussion</u>**

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions.  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  <u>Winter v. Nat. Res. Defense Council, Inc.</u>, 555 U.S. 7, 22 (2008).  The basic purpose of injunctive relief is to preserve the status quo.  <u>H & R Block Tax Services LLC v. Acevedo-Lopez</u>, 742 F.3d 1074, 1078 (8th Cir. 2014).

In deciding a motion for a temporary restraining order or a motion for preliminary injunction, the courts are instructed  to consider what have come to be known as the <u>Dataphase</u> factors.  <u>Dataphase Sys., Inc. v. C.L. Sys., Inc.</u>, 640 F.2d 109, 113-114 (8th Cir. 1981)(en banc). These factors are:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will

AO72A
(Rev. 8/82)

inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  Id.; see also H & R Block, 742 F.3d at 1078.  No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction.  See Sanborn Mfg., Inc. v. Campbell Hausfeld/Scott, 997 F.2d 484,486 (8th Cir. 1993); Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., 815 F.2d 500, 503 (8th Cir.1987).

It has been noted that in a prison or detention center setting, injunctions are "viewed with great caution because judicial restraint is  especially called for in dealing with the complex and intractable problems of prison administration."  Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)(internal quotation marks and citation denied).   Keeping this in mind, I turn to an examination of the Dataphase factors.

With respect to the likelihood of success on the merits, Plaintiff relies solely on his interpretation of a multitude of events and/or jail conditions as constituting constitutional violations.  However, his assertions are conclusory and the materials Plaintiff submitted in support of this motion, do little to establish a likelihood of success on the merits.

The majority of Plaintiff's claims are properly characterized as conditions of confinement claims.  The Eighth Amendment's deliberate indifference standard applies to conditions of incarceration claims.  "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."  County of Sacramento v. Lewis, 523 U.S. 833 (1998)(citation omitted).  The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

AO72A
(Rev. 8/82)

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.  U.S. Const. amend. VIII.  <u>See also Butler v. Fletcher</u>, 465 F.3d 340, 345 (8th Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, medical care, etc., whether brought by pretrial detainees or convicted inmates).  The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element.  <u>See Revels v. Vincenz</u>, 382 F.3d 870, 875 (8th Cir. 2004)(<u>citing Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities.  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" <u>Revels</u>, 382 F.3d at 875 (citations and internal quotation marks omitted).  Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." <u>Id</u>.  The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).

While the Court considered Plaintiff's allegations as sufficient to state a claim for relief, and therefore served the complaint on the Defendants, Plaintiff must do more than state a claim to show a likelihood of success on the merits.  Nothing submitted in support of the TRO motion

-4-

suggests that Plaintiff is likely to succeed on the merits of his claims.   His conditions of confinement, at least on the record before us, are not such that the Plaintiff is being deprived of life's basic necessities.

It is the Plaintiff's contention that he will be irreparably harmed by the continuing violation of his constitutional rights.  Plaintiff's allegations are dramatic but uncorroborated and do not suggest the existence of an eminent threat of injury.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)(plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects").

In assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise [county] prisons, the administration of which is of acute interest to the [county]." Meachum v. Fano, 427 U.S. 215, 229 (1976).   It has been concluded that "protecting constitutional rights of inmates by maintaining the status quo for a handful of inmates outweighs the public interest in minimizing court interference in the orderly and secure running of the prison system."  Bear v. Kautzky, 305 F.3rd 802, 805 (8th Cir. 2002)(affirmance--quoting lower court).  It goes without saying that the Defendants have a strong interest in maintaining security and order at the BCDC.  Id.  However, in this instance, the relief Plaintiff seeks would not maintain the status quo; instead, the relief he seeks would seriously impact the day to day operations of the jail with respect to food preparation and service, incoming and outgoing mail, the dispensing of medication, and the interaction of detention center personnel with the Plaintiff.  Public interest does not favor such a far reaching impact on the operations of a detention facility.

AO72A
(Rev. 8/82)

**Conclusion**

For the reasons stated, I recommend that the motion for a temporary restraining order for a preliminary injunction (Doc. 54) be denied.

**The Parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of November 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)