IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SAMUEL LEWIS THOMAS**                                                                       **PLAINTIFF**

V.                                         CASE NO. 5:13-CV-05246

**DEPUTY WILKINS; DEPUTY
RILEY; DEPUTY BOWMEN;
DEPUTY KILLPATRICK;
DEPUTY LONG; and
SERGEANT LARA**                                                                       **DEFENDANTS**

### OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 80) of the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas, filed in this case on November 5, 2014, regarding Plaintiff Samuel Lewis Thomas's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 54). Thomas has filed Objections (Doc. 85) to the R & R. The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Brown has raised objections. 28 U.S.C. § 636(b)(1). Accordingly, the Court finds that the R & R should be, and hereby is, **APPROVED** and **ADOPTED IN ITS ENTIRETY**.

### I. BACKGROUND

While incarcerated at Benton County Detention Center ("BCDC"), Thomas maintains that his constitutional rights were violated because: (1) he is and was being discriminated against; (2) he was transported illegally back to BCDC; (3) BCDC personnel have used excessive force against him; (4) he has been denied adequate medical care; (5) he was wrongfully held after an eight-hour detoxification; (6) BCDC personnel failed to protect him

from attacks by fellow inmates; (7) at times he was unable to submit grievances through the kiosk system; (8) he has been denied recreation; and (9) he was segregated due to his race. Thomas requests that the Court enjoin Defendants from restraining and transporting him, handling his food, handling incoming or outgoing mail, administering his medication, or being out of camera view with him.

The Magistrate recommends that Thomas's Motion be denied because Thomas cannot show: (1) a likelihood of success on the merits; (2) an eminent threat of injury; and (3) that the issuance of an injunction is in the public interest.

Thomas has filed Objections (Doc. 85) to the R & R, but has failed to address any of the Magistrate's substantive findings. Instead, Thomas concedes that "jail personel [sic] will have to go out their way some to accomidate [sic] all the request the order contained and will be detrementle [sic] to maintaining a safe jail setting for me, staff, and other inmates." (Doc. 85, p. 1). Nonetheless, without making specific objections to the R & R, Thomas maintains that Defendants should be precluded from transporting him or "seizing" him unnecessarily; being alone or out of camera view with him; handling or administering his medication; or denying him recreation time or "key opps" privileges. *Id*.

## II. LEGAL STANDARD

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys. Inc. v. C.L. Sys. Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*).

No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id.* Without such a finding, a preliminary injunction should not be issued. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995). However, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration' . . . [t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.* (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

### III. DISCUSSION

Thomas fails to object specifically to any of the R & R's findings, and as determined by the Magistrate, Thomas's allegations are conclusory and based upon his own interpretation of events and jail conditions. Nonetheless, the Court begins by analyzing whether there is a threat of irreparable harm. In order to demonstrate irreparable harm, the movant must demonstrate that "the harm is certain and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996). The failure to demonstrate the existence of irreparable harm is, standing alone, sufficient grounds for denying injunctive relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Here, Thomas alleges only that he will be irreparably harmed by the continuing violation of constitutional rights. (Doc. 26, p.13). He does not describe how the harm is both imminent and irreparable, such that there is an

immediate need for equitable relief. Instead, he provides a long list of wrongs allegedly done by Defendants, but offers no corroborating evidence. Further, in his Objections, Thomas admits that he inexplicably sent a bogus settlement agreement to Defendants in an attempt to gain more information in support of his "TRO," regarding his suspicions of "campagine [sic] harassment coming for some of the defendents [sic] end." (Doc. 85, p.2). Moreover, he acknowledged "I do not have enough supportive information to help out this theory." *Id.* Thus, the Court finds that Thomas fails to allege sufficient facts to support a finding of imminent and irreparable harm.

Even if the Court were to assume that Thomas established irreparable harm, he has failed to meet his burden of establishing success on the merits. The majority of his assertions involve conditions of confinement, to which the Eighth Amendment's deliberate indifference standard applies. *See Taylor v. Dormire*, 690 F.3d 898, 904 (8th Cir. 2012). Thus, prisoners claiming that conditions of confinement constitute cruel and unusual punishment are required to show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294 (1991). While the Eighth Amendment prohibits cruel and unusual punishment, it "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities," are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* 501 U.S. at 298. As found by the Magistrate, nothing in the record reveals that Thomas was deprived of basic necessities, and therefore he is unlikely to succeed on the merits.

Regarding whether issuing an injunction would serve the public interest, the Court finds it would not. As the Magistrate points out, while courts have found that "protecting constitutional rights of inmates by maintaining the status quo of a few inmates outweighs

public interest in minimizing court interference with the orderly and secure running of the prison system," *Bear v. Kautzky*, 305 F.3d 802, 805 (8th Cir. 2002), the relief sought by Thomas would not maintain the status quo. To the contrary, it would negatively impact jail operations as to food preparation, mail handling, dispensing of medications, and interactions with Thomas. The Court is reluctant to interfere with the work of the prison officials in maintaining discipline, order, and security at the prison.

Based on the foregoing, the Court finds that Thomas has not offered any argument or presented any evidence in his Objections which address any of the *Dataphase* factors. In fact, Thomas concedes that his requests would be detrimental to maintaining a "safe jail setting." (Doc. 85, p.1). Therefore, the Court concludes that Plaintiff has failed to carry his burden of proving the necessity of injunctive relief.

## IV. CONCLUSION

The Court, being well and sufficiently advised, finds that the R & R (Doc. 80) should be and hereby is **ADOPTED IN ITS ENTIRETY**.

**IT IS THEREFORE ORDERED** that Samuel Lewis Thomas's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 54) is **DENIED**.

**IT IS SO ORDERED** this 6th day of January, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE